UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. HERRINGTON,<br>Plaintiff,<br>v.<br>NAPA STATE HOSPITAL,<br>Defendant. | Case No. 17-cv-02637-JSC<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Napa State Hospital ("NSH"), filed this pro se civil rights complaint under 42 U.S.C. § 1983 alleging that five NSH employees had "killed" him.[1] Liberally construing this allegation to mean that Plaintiff's vital signs had been temporarily stopped by staff members before he was resuscitated, the complaint was dismissed with leave to amend because Plaintiff had failed to allege what each of the different staff members had done, what Plaintiff had done before, during and after the assault, and approximately when and where the assault took place. Plaintiff has not filed an amended complaint, and the deadline for doing so has passed.

Plaintiff did file two single-page, unsigned documents setting forth brief narratives with additional details about the incident complained of in the complaint, including the actions of the different staff members and the date and location of the incident. (ECF Nos. 7, 8.) The two documents could conceivably be construed as an amended complaint, but doing so would be an exercise in futility for two reasons. First, unsigned pleadings are not allowed. *See* Fed. R. Civ. P. 11. Secondly, even if they were signed, the documents indicate that the alleged assault took place

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 3.)

in 2009, which makes his claims untimely even under the maximum possible statute of limitations --- four years --- for claims by prisoners under Section 1983.[2]  While the former defect can presumably be cured, the latter cannot.

In light of the foregoing, this action is DISMISSED.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 23, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] The limitations period for a claim under Section 1983 is that of the forum state for personal injury torts. *Two Rivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).  An inmate has four years to bring a § 1983 claim for damages in California, i.e., the regular two-year period under California Civil Procedure Code § 335.1 plus two years during which accrual was postponed due to the disability of imprisonment under California Civil Procedure Code § 352.1.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 916-17 (9th Cir. 1999).

2